NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHIWEI YU; HONG DING, | No. 15-72121 |
| Petitioners, | Agency Nos. A201-210-902 |
| v. | A201-210-903 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and GLEASON,[***] District Judge.

Hong Ding and Zhiwei Yu, citizens of China, petition for review of a Board

of Immigration Appeals (BIA) decision upholding an Immigration Judge's (IJ)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

denial of Ding's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review credibility determinations and denials of asylum, withholding, and CAT relief for substantial evidence and may grant relief only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017); *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005). When, as here, the BIA's decision on some issues is "confined to a 'simple statement of a conclusion'" or accords significance deference to the IJ's findings, the court also looks to the IJ's decision when reviewing the BIA's conclusions. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000); *Kin v. Holder*, 595 F.3d 1050, 1054, 1056 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's decision to uphold the IJ's adverse credibility determination. The IJ determined that Ding, the lead petitioner, was not credible based on her demeanor, numerous inconsistencies and implausibilities in her testimony, and discrepancies between her testimony and other evidence, all of which are permissible considerations under the REAL ID Act. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C). The BIA affirmed the IJ's adverse credibility determination, noting that the IJ "provided a well-reasoned explanation for his decision detailing specific and cogent reasons for the adverse credibility

2

determination." *See Shrestha*, 590 F.3d at 1044. The IJ's demeanor finding properly referred to specific examples of Ding's demeanor, *see id.*, and the BIA's decision highlighted several inconsistencies in Ding's testimony, which the Board noted Ding failed to explain after being given an opportunity to do so, *see Zhi v. Holder*, 751 F.3d 1088, 1092–93 (9th Cir. 2014).

2. Substantial evidence supports the BIA's decision to uphold the IJ's denial of asylum and withholding of removal. To establish eligibility for asylum, Ding needed to demonstrate a well-founded fear of persecution on account of a protected ground, 8 C.F.R. § 208.13(b), and to obtain withholding, Ding needed to demonstrate that such persecution was more likely than not, 8 C.F.R. § 208.16(b)(2). Ding's claim of persecution centered on a February 2011 incident in which Chinese authorities allegedly arrested several of her family members for practicing the I-Quan Tao religion after discovering I-Quan Tao literature that Ding and Yu had shipped to their home. However, Ding's testimony regarding this incident was found not credible, and she provided little corroborating evidence of the arrests. Further, Ding provided scant documentary evidence regarding the persecution of I-Quan Tao practitioners in China. Thus, the record does not compel the conclusion that Ding demonstrated the requisite likelihood of persecution for either asylum or withholding.

3. Substantial evidence also supports the BIA's decision to uphold the IJ's

denial of CAT relief. To obtain CAT relief, Ding needed to demonstrate that it was more likely than not that she would be tortured by or with the acquiescence of a public official if repatriated. 8 C.F.R. §§ 208.16(c)(1), 208.18(a)(1). Here, the IJ found that Ding's CAT claim failed because the claim was based "almost entirely" upon incredible testimony and the other evidence of record did not establish the requisite likelihood of torture. Because Ding's testimony was permissibly discredited and she provided little documentary evidence establishing that I-Quan Tao practitioners face persecution, let alone torture, in China, substantial evidence supports the denial of CAT relief.

**PETITION DENIED.**